UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEOPATRA EGYPT,<br><br>                Plaintiff,<br><br>      -against-<br><br>THE INSTITUTE FOR FAMILY HEALTH;<br>THE U.S. DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES OFFICE OF THE<br>GENERAL COUNSEL,<br><br>                Defendants. | 23-CV-2930 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Federal Tort Claims Act ("FTCA"), asserting tort claims of medical malpractice in connection with dental health services she was provided by the Institute for Family Health (the "Institute").[1] She sues the Institute and the "U.S. Department of Health and Human Services Office of the General Counsel." By order dated April 10, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the amended complaint but grants Plaintiff 30 days' leave to replead her claims in a second amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Plaintiff filed the original complaint in this action on April 7, 2023. On April 10, 2023, Plaintiff filed an amended complaint. (ECF 4.) The amended complaint is the operative pleading.

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff Cleopatra Egypt brings this action under the FTCA, asserting claims of medical malpractice arising from dental health services she received from the Institute for Family Health, located in New York, New York. Plaintiff alleges that the Institute receives federal funding and is

therefore "a Federally Qualified Health Center" under 42 U.S.C. § 254b, and thus "falls under the scope" of the FTCA. (ECF 4, at 5.)

The following allegations are taken from the amended complaint. Plaintiff has been a patient of the Institute's Harlem offices for primary care, mental health, and dental care since 2012. Plaintiff's "official dentist" was previously the dental clinic's director, Dr. Demetra Atsaves (referred to as "Dr. D"), but for the past two years Plaintiff has been a patient of Dr. Deborah Tirsun. During Plaintiff's last appointment with Dr. D., she told her that she needed to come in for "an overdue annual check-up" which would include x-rays being taken of Plaintiff's "entire mouth." (*Id.*) When Plaintiff arrived for her December 23, 2020, appointment, she learned that she would be treated by Dr. Tirsun rather than Dr. D.

Despite Plaintiff's insistence that the visit was for an annual check-up, Dr. Tirsun "insisted on a limited scope visit, instead of proceeding with a full set of x-rays." (*Id.* at 9.) During the visit, Plaintiff complained of pain in teeth #12 and #15. She also told Dr. Tirsun that her upper partial denture "had a permanent black moldy film etched into" it. (*Id.* at 10.) At the time of her December 23, 2020, visit, Plaintiff was missing 12 teeth and had difficulty chewing without wearing her upper partial denture. Plaintiff assured the doctor that either she or her insurance would pay for both the x-rays and a new denture. Rather than addressing Plaintiff's concerns, Dr. Tirsun "forced" Plaintiff to choose between addressing the pain in her teeth or evaluating her denture. (*Id.* at 12.) Plaintiff "reluctantly" chose her denture. (*Id.*) Plaintiff also suggests that despite Dr. Tirsun's sterilizing her denture, the black moldy film remained. (*See id*. at 13.) Dr. Tirsun told Plaintiff she could get the x-rays at her next visit, but then physically prevented Plaintiff from stopping at the appointment desk to schedule a follow-up. (*Id.* at 14.)

Plaintiff alleges that all her subsequent efforts to schedule an annual visit at the Institute for a root canal or other treatment for teeth #12 and #15 were unsuccessful. The voicemails she left with the Institute's dental clinic were not returned, and her phone calls "were met with long holds, of over an hour." (*Id.* at 16.) On April 20, 2021, Plaintiff sent a "certified, notarized complaint letter" to the Institute. (*Id.* at 17.) Sixty days later, she received a phone call from Dr. Robert Schiller, Senior Vice President for Clinical Affairs and Chief Medical Officer. Dr. Schiller admitted that Plaintiff "was treated unfairly" and promised that Plaintiff would receive appropriate care from the medical director, Dr. Leila Hagshegnas. (*Id.*) That never happened, however, and Dr. Schiller failed to return any of Plaintiff's subsequent phone calls and voicemails "plead[ing] for his help to receive care to save [Plaintiff's] teeth #12 and #15." (*Id.* at 18.)

After Plaintiff made extensive efforts to receive care for her teeth from other dental providers, the pain in teeth #12 and #15 had become "excruciatingly unbearable" and the teeth were eventually extracted. (*Id.*) Plaintiff further alleges that because she was "abandon[ed]" by the Institute, she "received substandard case" from other dental providers, including a "botched root canal" and a "substandard extraction" of tooth #15, which left her with a protruding bone in her mouth causing "constant pain." (*Id.* at 21-22.) Plaintiff also alleges that Dr. Tirsun failed to replace her "defective" upper partial denture, leading to additional pain and further damage to Plaintiff's remaining teeth. (*Id.* at 24.)

Plaintiff seeks $250,000 in damages.

## DISCUSSION

### A.   Federal Tort Claims Act

Plaintiff names the "U.S. Department of Health and Human Services Office of the General Counsel" as a defendant in this action, but the Court must dismiss any claims against

this entity under the doctrine of sovereign immunity. This doctrine bars federal courts hearing all

suits against the federal government, including suits against any part of the federal government,

such as a federal agency, except where sovereign immunity has been waived. *United States v.*

*Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941));

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action

against a federal agency or federal officers in their official capacities is essentially a suit against

the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such

immunity is waived.").

Plaintiff's claims arise under the FTCA, which provides for a waiver of sovereign

immunity for certain claims for damages arising from the tortious conduct of federal officers or

employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1),

2680. "The proper defendant in an FTCA claim is the United States, not individual federal . . .

agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9,

2015).

Under the Public Health Service Act of 1944 ("PHSA"), the remedies provided under the

FTCA are the exclusive means for resolving tort complaints against employees of the Public

Health Service acting within the scope of their employment. *See* 42 U.S.C. § 233(a). The

Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501, 106 Stat. 3268

(1992), amended the PHSA to extend FTCA coverage to certain health centers that receive

federal funding under Section 330 of the PHSA, 42 U.S.C. § 254(b), by authorizing the

Department of Health and Human Services to "deem" them employees of the Public Health

Service. *See* 42 U.S.C. § 233(g)-(n); *see also Bogues v. United States*, 703 F. Supp. 2d 318, 320-

22 (S.D.N.Y. 2010) (describing the regulatory framework for "deeming" an agency and its

employees as Public Health Service employees for FTCA purposes). "In order to bring an FTCA action against the United States for medical malpractice committed by a health center or one of its physicians, the health center or physician must have been deemed to be a federal employee at the time of the alleged wrongful conduct." *Bogues*, 703 F. Supp. 2d at 324.

Plaintiff alleges that the Institute "receives federal funding" and is therefore considered a "Federally Qualified Health Center under 42 U.S.C. [§] 254b" that is subject to the FTCA. (ECF 4, at 5); *see also Roberge v. McAndrew*, No. 1:15-CV-1522, 2016 WL 3248400, at *2 (N.D.N.Y. June 13, 2016) (noting that the parties agree that the Institute for Family Health "has been deemed a Public Health Service employee entity" and "has had FTCA malpractice coverage without interruption since January 1, 2012"). For the purposes of this order, the Court takes as true Plaintiff's allegation that the Institute is subject to the FTCA. Accordingly, the proper defendant for Plaintiff's FTCA claims arising from services provided by the Institute and its employees is the United States.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain her claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for damages with the appropriate federal government entity and receiving a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity.

*See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), the FTCA's time limits "are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

Here, Plaintiff has not alleged any facts demonstrating that she filed an administrative claim for damages under the FTCA with a federal government entity and subsequently received a final written determination before bringing this action; she has also not alleged facts showing that it has been more than six months since she has filed such an administrative claim. Because Plaintiff has not alleged that she has complied with the FTCA's jurisdictional prerequisite, the court lacks subject matter jurisdiction of her claims. Accordingly, Plaintiff's claims against the Institute, construed as asserted against the United States of America, are not permissible under the FTCA. The Court dismisses Plaintiff's amended complaint under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. 12(h)(3).

The Court grants Plaintiff 30 days' leave to replead her claims to allege facts demonstrating that she has exhausted her administrative remedies under the FTCA as described above.

**B.     Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts demonstrating that she has exhausted her administrative remedies with respect to her FTCA claims, the Court grants Plaintiff 30 days' leave to replead her FTCA claims in a second amended complaint.

Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wants to include from the amended complaint must be repeated in the second amended complaint.

## CONCLUSION

The Court dismisses the amended complaint under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. 12(h)(3).

The Court grants Plaintiff 30 days' leave to replead her claims in a second amended complaint that complies with the standards set forth above.

Plaintiff must submit any second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 23-CV-2930 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will enter judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 12, 2023
          New York, New York

                         _____
                                /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

_____ Civ. _____ (_____)

**SECOND
AMENDED
COMPLAINT__**

Jury Trial:  □ Yes     □ No
(check one)

I.     **Parties in this complaint:**

A.     List your name, address and telephone number. If you are presently in custody, include your
identification number and the name and address of your current place of confinement. Do the same
for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

B.     List all defendants. You should state the full name of the defendant, even if that defendant is a
government agency, an organization, a corporation, or an individual. Include the address where
each defendant may be served. Make sure that the defendant(s) listed below are identical to those
contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                 1

Defendant No. 1     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 2     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 3     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 4     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions        ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     Where did the events giving rise to your claim(s) occur? _____
_____

B.     What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.     Facts: _____
_____

What
happened
to you?

_____
_____
_____

Who did
what?

_____
_____

Was anyone
else
involved?

_____
_____

Who else
saw what
happened?

_____
_____
_____
_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address            _____

                                        _____

                                        _____

Telephone Number        _____

Fax Number *(if you have one)*  _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
         must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number            _____