UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEOPATRA EGYPT,<br><br>         Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | 23-CV-2930 (JGLC)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

  This motion to dismiss was referred to Magistrate Judge Steward D. Aaron for a Report and Recommendation. *See* ECF No. 31. In the Report and Recommendation filed on May 30, 2024, Magistrate Judge Aaron recommended that motion be granted in part and denied in part. *See* ECF No. 36. Specifically, Judge Aaron recommended dismissing each of Plaintiff's claims in the Second Amended Complaint, except for Plaintiff's negligence and medical malpractice claims based on the conduct of the Institute for Family Health and Dr. Robert Schiller under the Federal Tort Claims Act. He also recommended granting Plaintiff leave to amend her breach of contract claim against the United States of America so as to abandon any claim for monetary relief in excess of $10,000.00. *Id.* at 32

  In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 36. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to terminate ECF No. 25 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: June 28, 2024
    New York, New York

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge