UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Cleopatra Egypt,

                         Plaintiff,

-against-

United States of America,

                         Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/09/2024
```

1:23-cv-02930 (JGLC) (SDA)

ORDER REQUESTING
PRO BONO COUNSEL

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a request by Plaintiff Cleopatra Egypt ("Plaintiff") seeking the assignment of *pro bono* counsel for medical reasons supplied under seal. (Pl.'s 8/8/24 Ltr., ECF No. 41, at 1.) For the reasons set forth below, Plaintiff's application for the Court to request the appointment of *pro bono* counsel is GRANTED.

**RELEVANT PROCEDURAL HISTORY**

On April 7, 2023, Plaintiff filed a request to proceed *in forma pauperis* ("IFP"), which was granted. (Pl.'s 4/7/23 IFP Req., ECF No. 2; 4/10/23 Order, ECF No. 3.) After the Court issued an order dismissing some parties, Plaintiff filed her Second Amended Complaint ("SAC") on July 10, 2024. (6/12/23 Order of Dismissal, ECF No. 5; Sec. Am. Compl., ECF No. 6.)

On January 5, 2024, Defendant United States ("Defendant" or the "Government") filed a motion to dismiss the SAC. (Def.'s Mot. to Dismiss, ECF No. 25.) On May 30, 2024, the undersigned issued a Report and Recommendation ("R&R"), adopted in its entirety by Judge Clarke, that granted in part and denied in part the Government's motion to dismiss. *Egypt v. United States*, No. 23-CV-02930 (JGLC) (SDA), 2024 WL 3236803, at *13-14, 15 (S.D.N.Y. May 30, 2024), *report & recommendation adopted*, 2024 WL 3236910, at *1 (S.D.N.Y. June 28, 2024). Specifically, the

Court permitted Plaintiff's claims against the Government for alleged medical malpractice and negligence of the Institute for Family Health (the "Institute"), and Dr. Robert Schiller, the Institute's Senior Vice President for Clinical Affairs and Chief Medical Officer, under the Federal Tort Claims Act ("FTCA") to proceed (the "Remaining Claims"). *Id.* at *13-14.[1]

Thereafter, the Court provided Plaintiff leave to file any amended complaint consistent with the R&R; Plaintiff did not to do so. (7/1/24 Order, ECF No. 38.) Based on the Remaining Claims, the Court set an initial pretrial conference to take place on September 10, 2024. (8/5/24 Order, ECF No. 39.) On August 8, 2024, the Court received Plaintiff's instant request.

## LEGAL STANDARD

The IFP statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court believes that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. US. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the

---

[1] For a full recitation of Plaintiff's allegations, the Court refers to the "Factual Allegations" contained in the R&R. *Egypt*, 2024 WL 3236803, at *1-4.

2

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant first must demonstrate that he or she is indigent, for example, by successfully applying for leave to IFP. The Court then must consider whether the litigant's claim "seems likely to be of substance"— "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as: (1) the indigent's ability to investigate the crucial facts, (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, (3) the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## **APPLICATION**

The Court granted Plaintiff's IFP request in April 2023. (4/10/23 Order.) Plaintiff attested under penalty of perjury that the information contained in her IFP application is true. (Pl.'s 4/7/23 IFP Req. at 2.) Egypt qualifies as indigent. Additionally, Plaintiff's Remaining Claims of medical malpractice and negligence against the Government pursuant to the FTCA are "likely to be of

3

substance[,]" since the Court already determined that Plaintiff had plausibly pleaded those claims. *Egypt*, 2024 WL 3236803, at *13-14, 15. Thus, the threshold inquiries under *Hodge* are satisfied.

The other *Hodge* factors further counsel in favor of seeking the appointment of *pro bono* counsel. First, Plaintiff may encounter difficulty investigating crucial facts as this litigation proceeds. While Plaintiff did supply a number of exhibits in support of the SAC and her opposition to Defendant's motion to dismiss (*see* SAC; Pl.'s Opp'n Mem., ECF No. 33), her letter provides medical diagnoses that may impair her ability to litigate this case. (Pl.'s 8/8/24 Ltr. at 1.) The Court finds that counsel would prove useful to fully investigate the facts underlying the Remaining Claims and that Plaintiff would cooperate in counsel's work.

Second, because the Remaining Claims are torts that will turn on fact-intensive inquiries with respect to the pain and suffering she experienced in connection with delayed medical treatment, *see Egypt*, 2024 WL 3236803, at *13-14, Plaintiff would be well-served by the guidance of counsel to cross-examine witnesses and present proof to the fact finder. Based on her letter, this conclusion is further supported by the fact that NYLAG will no longer be able to continue providing legal assistance to Plaintiff. (Pl.'s 8/8/24 Ltr. at 1.)

Third, while this case has been narrowed to the Remaining Claims, they are complex insofar as they are torts that will require Plaintiff to prove each element through admissible evidence. Plaintiff certainly is thoughtful and organized, as exhibited by the SAC (which is comprised of 203 pages, including her medical records). However, counsel would prove useful in prosecuting her case based on the very limited Remaining Claims and consistent with the R&R that precludes recovery against other physicians and treatment dates. The assistance of counsel

4

would be more likely to lead to a just determination and would benefit the public to resolve this case in a more expeditious manner.

Upon consideration of the *Hodge* factors and the limitations that Plaintiff may experience in light of her medical diagnoses provided in her letter, the Court finds that Plaintiff should be referred for the appointment of counsel. *Hodge*, 802 F.2d 61-62.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request for the Court to seek the appointment of *pro bono* counsel is GRANTED. The Clerk of Court is respectfully directed to attempt to locate *pro bono* counsel to represent Plaintiff for all purposes. The Court reminds Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly, but only after the Court has confirmed with Plaintiff that *pro bono* counsel has been secured. Of course, if an attorney offers to represent Plaintiff, it is entirely Plaintiff's decision whether to retain that attorney or not.

Nevertheless, this litigation will progress since there is no guarantee that an attorney will volunteer to represent Plaintiff. The Court reminds the parties that the initial pretrial conference scheduled for September 10, 2024, at 11:00 a.m., shall proceed as planned and without delay.

**SO ORDERED**.

Dated:     New York, New York
           August 9, 2024

_____
**STEWART D. AARON**
**United States Magistrate Judge**